# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–45–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SHERRIE LYNN CAIN, | |
| Defendant. | |

Before the Court is Defendant Sherrie Lynn Cain's Unopposed Motion for Early Termination of Supervision. (Doc. 145.) The United States does not oppose. (*Id.* at 1–2.) United States Probation Officer Zane Schumaker does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the Motion.

## Background

On March 15, 2022, Defendant was sentenced for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. 85.) The Court sentenced Defendant to time served, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving her term of supervision that day. (Doc. 146 at 1.)

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that her supervised release should be terminated because she has completed 46 months of her 60-month term. (Doc. 146 at 3.) Defendant currently lives in faith-based housing in Miles City, Montana, and volunteers at the soup kitchen. (*Id.*) She has completed her testing and treatment but maintains contact with her mental health counselor. (*Id.*)

2

While she tested positive for methamphetamine twice in 2022, the Court believes Defendant has since been committed to her sobriety. The Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 145) is GRANTED. Sherrie Lynn Cain's term of supervised release is TERMINATED as of the date of this Order.

DATED this 28th day of January, 2025.

Dana L. Christensen, District Judge
United States District Court